UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE WALGREEN CO. STOCKHOLDER LITIGATION | : : : : : : : : : : : | Civil Action No. 1:14-cv-09786<br><br>CLASS ACTION<br><br>Judge Joan B. Gottschall<br><br>**July 8, 2015 Hearing Date** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF THE PROPOSED CLASS ACTION SETTLEMENT AND
NOTICE TO THE SETTLEMENT CLASS**

**INTRODUCTION**

The above-captioned consolidated putative class action (the "Action") alleged that (a) Defendants Walgreen Co. ("Walgreen" or the "Company"), Walgreens Boots Alliance, Inc. ("WBA"), and the Walgreen board of directors (the "Board" or "Walgreen Board")[1] violated Section 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"); and (b) the Walgreen Board breached its fiduciary duty of disclosure under Illinois state law. Specifically, Plaintiffs alleged that in connection with soliciting stockholder support for a corporate reorganization (the "Reorganization") and the purchase of the portion of Alliance Boots GmbH ("Alliance Boots") that Walgreen did not already own for approximately £3.133 billion in cash and 144,333,468 shares of Walgreen common stock (the "Step 2 Acquisition"), Defendants filed a false and/or materially misleading Schedule 14A Definitive Proxy (the "Proxy") with the U.S. Securities and Exchange Commission ("SEC").

Following arm's-length negotiations, Plaintiffs and Defendants (collectively, the "Parties") reached an agreement-in-principle to resolve the Action. Pursuant to that agreement, Walgreen publicly filed certain supplemental disclosures (the "Supplemental Disclosures")[2] related to the Reorganization and the Step 2 Acquisition (the "Proposed Settlement"). Among other things, Walgreen disclosed:

---

[1] At the time that Plaintiffs filed their complaints, the Walgreen Board consisted of Defendants Janice M. Babiak, David J. Brailer, Steven A. Davis, William C. Foote, Mark P. Frissora, Ginger L. Graham, Alan G. McNally, Dominic Murphy, Stefano Pessina ("Pessina"), Barry Rosenstein, Nancy M. Schlichting, Alejandro Silva, James A. Skinner, and Gregory D. Wasson.

[2] The Supplemental Disclosures are detailed in their entirety in a Form 8-K filed by Walgreen with the U.S. Securities and Exchange Commission (the "SEC") on December 24, 2014. A copy of the 8-K is attached as Exhibit A to the Stipulation of Settlement, a copy of which is attached hereto as Exhibit 1.

1

- the existence and substance of a complaint filed against the Company by former Walgreen Chief Financial Officer ("CFO") Wade Miquelon ("Miquelon"), which alleged that certain Walgreen executives met with investors and made disparaging and defamatory comments about Miquelon;

- certain risks associated with the acceleration of the Step 2 Acquisition;

- that Walgreen management met repeatedly with Walgreen stockholder and event-driven hedge fund JANA Partners LLC ("JANA") prior to Walgreen and Jana's entry into a nomination and support agreement (the "Support Agreement") pursuant to which, *inter alia*, JANA would support the Step 2 Acquisition in exchange for the ability to appoint two directors to the Walgreen Board;

- the estimated equity ownership of Alliance Boots Executive Chairman and Walgreen Board member Pessina if the Reorganization and Step 2 Acquisition were to be consummated; and

- the reasons that Pessina was selected to serve as Acting Chief Executive Officer ("CEO") of Walgreen upon consummation of the Reorganization and Step 2 Acquisition.

The Supplemental Disclosures made pursuant to the Proposed Settlement allowed Walgreeen stockholders to cast an informed vote on the Reorganization and Step 2 Acquisition and thus conferred a substantial benefit on the Company's stockholders. Accordingly, the Proposed Settlement is fair, reasonable and adequate, and in the best interests of the Proposed Settlement Class.

Through this unopposed motion, and for the reasons further detailed below, Plaintiffs respectfully request that the Court (a) preliminarily approve the Proposed Settlement; (b) certify a Class for settlement purposes; (c) approve the Parties' proposed form and method of providing Class members with notice of the Action and Proposed Settlement and directing that notice be disseminated to Class members; and (d) set a hearing on final approval of the Proposed Settlement and an award of attorneys' fees and expenses to Plaintiffs' counsel.

## I.    BACKGROUND OF THE LITIGATION AND PROPOSED SETTLEMENT

A detailed recitation of the facts giving rise to and the procedural history of the Action is included in the Stipulation of Settlement.

## II.    ARGUMENT

### A.    The Proposed Settlement Falls Well Within The Range For Preliminary Approval

#### 1.    The Applicable Legal Standard

"Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).[3][4] "Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources." *Armstrong*, 616 F.2d at 313.

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for any compromise of claims brought on a class basis. A court may approve a class action settlement if it determines "that the proposed settlement is 'fair, reasonable, and adequate.'" Fed. R. Civ. P. 23(e)(3).

"To evaluate the fairness of a settlement [for purposes of final approval], a court must consider 'the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessement of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent cousnsel, and

---

[3] *See also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888-89 (7th Cir. 1985), *cert. denied*, 478 U.S. 1004 (1986); *Metropolitan Housing Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980); *Armstrong v. Bd. of School Dirs., Etc.*, 616 F.2d 305, 312-13 (7th Cir. 1980) ("It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement").

[4] Unless otherwise noted, all citations, internal quotations, and footnotes are omitted, and emphasis is added.

3

the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby*, 75 F.3d at 1199).

However, at this stage of the settlement process, where Plaintiffs merely seek preliminary approval so that notice of the Proposed Settlement ("Notice") may be disseminated, the Court need only evaluate whether the Proposed Settlement is "within the range of possible approval." *Amstrong*, 616 F.2d at 314. The Seventh Circuit has described the judicial review of a class action settlement proposal as follows:

> District court review of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. If the district court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process, the fairness hearing. Class members are notified of the proposed settlement and of the fairness hearing at which they and all interested parties have an opportunity to be heard. *Id*.

Also relevant to whether a proposed settlement should be preliminarily approved is whether it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not properly grant preferential treatment to class representatives or segments of the class. *See Kaufman v. Am. Express Travel Related Servs. Co.*, 264 F.R.D. 438, 447 (N.D. Ill. 2009).[5] As detailed below, this Proposed Settlement meets all the necessary criteria and should be preliminarily approved.

---

[5] *See also In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)); *see also Manual for Complex Litigation* §30.41 at 237 (3d ed. 1995) ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies … and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given").

      **2.      The Proposed Settlement Is the Product of Serious, Informed and Non-Collusive Negotiations, Has No Obvious Deficiencies, Does Not Improperly Grant Preferential Treatment to Plaintiffs or other Individual Members of the Proposed Settlement Class, and Falls within the Range of Possible Judicial Approval**

As discussed *supra*, the Parties engaged in extensive arm's-length negotiation, including the exchange of multiple drafts of the Supplemental Disclosures, before entering into the Proposed Settlement. Thereafter, Plaintiffs conducted confirmatory discovery, which included careful and thorough review of confidential Walgreen documents produced in this litigation and an in-person interview of Walgreen's Vice President of M&A.

The Proposed Settlement is not deficient and falls within the range of possible judicial approval. The Proposed Settlement addressed Plaintiffs' claims, as Defendants agreed to and did make the Supplemental Disclosures requested by Plaintiffs. Comparable disclosures have been held to be material in similar transactional litigation, and Plaintiffs believe that without these and the rest of the Supplemental Disclosures, the Step 2 Acquisition and Reorganization should have been enjoined.[6] As such, Plaintiffs believe that the Proposed Settlement provides a significant benefit to Proposed Settlement Class members and should be approved.

By definition, because Defendants provided this disclosure relief to all Walgreen stockholders through a public filing with the SEC, no Proposed Settlement Class member received preferential treatment as a result of the Proposed Settlement. Plaintiffs have not and do not expect

---

[6] *See*, *e.g.*, *Grossman v. Waste Mgmt., Inc.*, 589 F. Supp. 395, 409 (N.D. Ill. 1984) ("If . . . a company chooses to reveal relevant, material information even though it had no duty to do so, it must disclose the whole truth."); *see also*, *In re Alliance Pharm. Corp. Sec. Litig.*, 279 F. Supp. 2d 171, 182 (S.D.N.Y. 2003) (noting that a "defendant is not required to disclose all known information, but has a duty to disclose any information that is 'necessary to make other statements not misleading.'"); *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 26 (1st Cir. 1987) ("When a corporation does make a disclosure – whether it be voluntary or required – there is a duty to make it complete and accurate.").

to receive additional compensation, different and apart from the benefits flowing to the other Proposed Settlement Class members, as a result of the Proposed Settlement.

At this point, the Court need not answer the ultimate question: whether the Proposed Settlement is fair, reasonable and adequate. The Court is only being asked to permit notice of the terms of the Proposed Settlement to be disseminated to the Proposed Settlement Class, and to schedule a hearing, pursuant to Rule 23(e), to consider any views expressed by Proposed Settlement Class members as to the fairness of the Proposed Settlement. *See* 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 1999). Accordingly, for the reasons discussed *supra*, the Proposed Settlement should be preliminarily approved.

B.  **The Proposed Settlement Class Should Be Conditionally Certified**

The Parties have stipulated to the certification of the following non-opt-out Proposed Settlement Class for purposes of settlement only:

> all record holders and beneficial holders of any shares of common stock of Walgreen and any and all of their successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under, any of them, and each of them, at any time between and including August 5, 2014 and December 31, 2014 (the date of the closing of the Reorganization and Step 2 Acquisition) (the "Class Period"), excluding Defendants, members of the immediate families of the Individual Defendants, and any Person, firm, trust, corporation or other entity related to, controlled by, or affiliated with, any Defendant, and the legal representatives, heirs, successors, and assigns of any such excluded persons.

The Proposed Settlement Class may properly be certified under Rule 23 of the Federal Rules of Civil Procedure, which permits class certification where the movant meets the four elements of Rule 23(a) and one of the three requirements of Rule 23(b). Here, Plaintiffs seek class certification under Rule 23(b)(1) and (2).

6

1.      **The Proposed Settlement Class Satisfies All Elements of Rule 23(a)**

Federal Rule of Civil Procedure 23(a) contains four requirements that the named plaintiffs must meet for certification: numerosity, commonality, typicality, and adequacy. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

With respect to numerosity, Rule 23(a) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).[7] When determining if joinder of all class members is impracticable, courts often consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the size of each plaintiff's claim; the financial resources of the class members; the ability of claimants to institute individual suits; requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members. Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:6 (2002 & Supp. 2011); *see also Gomez*, 117 F.R.D. at 399 (listing some similar factors). A court must rely on simple common sense when determining whether a class size meets the numerosity requirement. *See Flood v. Dominguez*, 270 F.R.D. 413, 417 (N.D. Ind. 2010) (citing *Redmon v. Uncle Julio's of Ill., Inc.*, 249 F.R.D. 290-294 (N.D. Ill. 2008)).

The Proposed Settlement Class includes all record and beneficial owners of Walgreen common stock who held any such share(s) at any time between August 5, 2014 (the date of the Amendment), and December 31, 2014 (the date of the closing of the Reorganization and the Step

---

[7] To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult. *See Gomez v. Illinois State Bd. of Ed.*, 117 F.R.D. 394, 398-99 (N.D. Ill. 1987).

7

2 Acquisition). According to the Walgreen Form 10-Q filed with the SEC on December 30, 2014, as of November 30, 2014, there were 945,642,298 Walgreen shares issued and outstanding.[8] Thus, it is highly likely that the number of the Proposed Settlement Class members is in the thousands, easily satisfying the numerosity requirement. *See Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1039 (5th Cir. 1981) (assumption that numerosity is satisfied in securities class action involving nationally traded securities); *Fry v. UAL Corp.*, 136 F.R.D. 626, 630 (N.D. Ill. 1991) (applying *Zeidman* presumption in nationally traded security).

Rule 23(a)(2) requires that there be "questions of law or fact common to the class" (*i.e.*, "commonality"). Fed. R. Civ. P. 23(a)(2). "[T]he commonality requirement has been characterized as a 'low hurdle' [that is] easily surmounted," *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996) (quoting *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992)), because, to satisfy commonality, a plaintiff need only show that there is "at least one question of law or fact common to the class." *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996); *see also Blihovde v. St. Croix County, Wis.*, 219 F.R.D. 607, 616 (W.D. Wis. 2003) (calling commonality "a permissive standard" because "a single common issue is sufficient to satisfy this requirement"). Generally, commonality is satisfied as long as there exists "[a] common nucleus of operative fact" as to the class members' claims. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).[9]

This Action clearly involves a "common nucleus of operative fact," as it presents common questions of, *inter alia*, whether: (i) the disclosures made by Walgreen in public filings issued in

---

[8] The Court can take judicial notice of this fact. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999).

[9] *See also In re GMC Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305 (S.D. Ill. 2007); *Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1993).

8

connection with the Reorganization and the Step 2 Acquisition contained materially false, misleading or omissive information; (ii) the Defendants breached their fiduciary duties to the Proposed Settlement Class members; and (iii) the Proposed Settlement Class members were injured as a consequence of Defendants' alleged misstatements and/or alleged breaches of fiduciary duties. Thus, the commonality requirement is met.

Rule 23(a)(3) requires a court to determine whether the "claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Beagle v. Edgemark Fin. Corp.*, 164 F.R.D. 649, 654 (N.D. Ill. 1995) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The purpose of the typicality requirement is to ensure that the interests of the class representatives are aligned with those of the class as a whole. *See Spencer v. Central States, S.E. & S.W. Areas Pension Fund*, 778 F. Supp. 985, 989 (N.D. Ill. 1991).

"Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar*, 167 F.R.D. at 57. Factual differences will not render a claim atypical if the claim arises from the same event, practice or conduct that gives rise to the claims of the class members, and if it is based on the same legal theory. *See De La Fuente*, 713 F.2d at 232; *Edmondson v. Simon*, 86 F.R.D. 375, 381 (N.D. Ill. 1980).

9

Here, all Walgreen stockholders were affected equally by the Reorganization and the Step 2 Acquisition, and all Proposed Settlement Class claims arise from the actions of the Walgreen Board in approving the Reorganization and the Step 2 Acquisition and the Board's public disclosures in connection therewith. Plaintiffs' claims and the claims of the Proposed Settlement Class are based on precisely the same legal theory. Thus, typicality is satisfied.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The Court must consider both the adequacy of the proposed class counsel and the adequacy of proposed class representative. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (noting that adequacy is deterimined by exaning both the class representative and class counsel); *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986). In order to meet the adequacy prerequisite, both class counsel and the class representative must not have interests that conflict with the interests of the absent class members. *See Amchem Prods., Inc.*, 521 U.S. at 626 & n.20. Class counsel must be experienced, competent, qualified, and able to conduct the litigation vigorously. *See Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 393 (N.D. Ill. 2006).

Here, Rule 23(a)'s "adequacy" requirement is satisfied. Plaintiffs' interests are aligned with those of the Proposed Settlement Class and there is no evidence of apparent conflicts between Plaintiffs and other Proposed Settlement Class members. Additionally, class counsel, Pomerantz LLP, Friedman Oster PLLC, and Levi & Korsinsky LLP, are well-qualified and experienced in stockholder class actions and corporate matters such as this. Plaintiffs' counsel identified the Proposed Settlement Class claims, vigorously prosecuted the Action, negotiated the Proposed Settlement and obtained valuable relief on behalf of all Proposed Settlement Class members. Accordingly, the Proposed Settlement Class satisfies all of the requirements of Rule 23(a).

### 2. The Proposed Settlement Class Satisfies Rule 23(b)(1) and (2)

In addition to meeting all of the requirements of Rule 23(a), the Proposed Settlement Class also satisfies Rule 23(b). Under Rule 23(b), an action is maintainable as a class action if, among other things:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

Fed. R. Civ. P. 23(b)(1) and (b)(2).

Merger-related litigation, such as the Action, is perfectly suited to meet the additional elements of both Rules 23(b)(1) and (b)(2). Here, Plaintiffs alleged that the disclosures disseminiated in connection with the Reorganization and the Step 2 Acquisition were false and/or misleading and that Defendants breached their fiduciary duties in connection with the Reorganization and the Step 2 Acquisition. Certification is proper under Rules 23(b)(1) and (b)(2) because (i) the prosecution of individual actions would be dispositive of interests of absent Proposed Settlement Class members; (ii) Defendants' actions in connection with the Reorganization and the Step 2 Acquisition are and were generally applicable to all Walgreen stockholders; and (iii) the primary relief sought by Plaintiffs in the Action was injunctive. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) (Court specifically identified cases involving

11

breach of fiduciary duty as paradigmatically suited for certification under Rule 23(b)(1)(B)).[10] Moreover, the basis of the Proposed Settlement – the Supplemental Disclosures – benefitted all Proposed Settlement Class members equally. Accordingly, the Proposed Settlement Class should be certified under Rules 23(b)(1) and 23(b)(2).

In sum, the Court should preliminarily certify the Proposed Settlement Class for purposes of the Proposed Settlement.

C.  **The Form and Method of Class Notice Are Appropriate**

Pursuant to Rule 23(e), the Court should approve the Parties' proposed form of Notice (attached as Exhibit B-1 to the Stipulation) and direct that Defendants disseminate the Notice to Proposed Settlement Class members. Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal."). "All parties should also be afforded a full and fair opportunity to consider the proposed decree and develop a response." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

The proposed Notice informs Proposed Settlement Class members about, *inter alia*: (i) who constitutes the Proposed Settlement Class, (ii) the claims and settlement consideration, (iii) the

---

[10] *See also Schering-Plough/Merck*, 2010 U.S. Dist. LEXIS 29121, at *24-27 (finding Rule 23(b)(1) and (b)(2) satisfied because "there is significant risk that [defendant] will be exposed to differing standards of conduct with respect to a group that is owed a duty of uniform treatment pursuant to applicable securities laws and regulations as well as fiduciary obligations. . . . Indeed, the underlying factual circumstances revolve around Defendants' conduct towards prospective class members, specifically with respect to disclosures advanced and the circumstances surrounding the consummation of the Merger."); *Wess v. Storey*, No. 08-cv-623, 2011 U.S. Dist. LEXIS 41050, at *25 (S.D. Ohio April 14, 2011); *In re Celera Corp. S'holder Litig.*, 59 A.3d 418, 432-33 (Del. 2012) ("courts have "repeatedly have held that actions challenging the propriety of director conduct in carrying out corporate transactions are properly certifiable under both subdivisions (b)(1) and (b)(2)").

proposed amount of the award of attorneys' fees and expenses to Plaintiffs' counsel;[11] (iv) Proposed Settlement Class members' right to object to any aspect of the Settlement and the procedures for doing so; (v) the date and time of the Settlement Hearing (defined below) and Proposed Settlement Class members' right to attend the Settlement Hearing; and (vi) how to obtain additional information.[12]

Thus, the Notice provides Proposed Settlement Class members with more than sufficient information to make informed decisions about whether to object to any aspect of the Proposed Settlement and/or Plaintiffs' Fee Petition, and satisfies due process and Rule 23(e). *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950) ("An elementary and

---

[11] Only after resolving the substantive terms of the Proposed Settlement, and after the completion of confirmatory discovery and Plaintiffs' determination that the Proposed Settlement continued to be fair, reasonable, and adequate, did the Parties discuss a potential resolution of the issue of attorneys' fees and expenses. Additionally, as the Stipulation makes clear, resolution of this Action was and is in no way dependent upon the Parties' reaching an agreement on that separate matter. As a result of those separate negotiations regarding attorneys' fees, the Company (or its insurer(s) or its successor in interest) has agreed to pay Plaintiffs' counsel's fees and expenses on behalf all Defendants, subject to approval of the Court, an aggregate amount not to exceed $370,000.

In the event that the Proposed Settlement is preliminarily approved, Plaintiffs will provide the Court with further factual and legal support for Plaintiffs' counsel's unopposed $370,000 fee request in a forthcoming brief. However, for present purposes, Plaintiffs note that their counsel collectively devoted approximately 536.3 hours to this matter from its inception to the date of the instant motion. *See* the Declarations of Gustavo Bruckner, Jeremy Friedman, Julia Sun and Peter Lubin attached hereto as Exhibits 2 to 5. Plaintiffs' counsel's collective lodestar (*i.e.*, hours devoted to the Action multiplied by customary hourly billing rate) on this matter from inception to the date of the instant motion is $294,418.25. Plaintiffs' counsel also incurred $4,663.99 in expenses while litigating this matter. Thus, Plaintiffs' counsel's requested fee award represents a modest premium to its lodestar and expenses.

[12] The Notice will include the URL for a website (the "Website"), which will include further information regarding the Proposed Settlement, including (a) the Stipulation, (b) all exhibits to the Stipulation, including the long-form notice, (c) the Preliminary Approval Order, (d) Plaintiff's forthcoming brief in support of final approval of the Proposed Settlement and request for an award of attorney's fees and expenses, and (e) certain other relevant case filings.

13

fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonable calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections … [I]f with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.").[13]

As contemplated by the Parties, subject to Court approval, within twenty (20) business days of the Court's entry of the Preliminary Approval Order, WBA shall, on behalf of Defendants, cause the Notice to be mailed by United States mail, first-class, postage pre-paid, to all Proposed Settlement Class members who can be identified with reasonable effort – *i.e.*, at their last known addresses appearing in the share transfer records maintained by or on behalf of Walgreen or WBA. *See Thompson v. Midwest Found. Indep. Physicians Ass'n*, 124 F.R.D. 154, 157 (S.D. Ohio 1988) (where the names and last known addresses of class members are available from business records, notice by mail constitutes the best notice practicable under the circumstances); *Neuberger*, 110 F. Supp. 2d at 377 ("Because the members of the class are certificate holders of ELCOA, their addresses were readily available from ELCOA's books and records."). As explained above in footnote 12, WBA shall additionally cause the Website to be established.

Defendants, or their agents, will make additional copies of the Notice available to nominee holders such as brokerage firms who held Company stock during the Class Period. Such nominee holders will be requested to forward copies of the Notice to all beneficial owners of such shares or, alternatively, to provide Walgreen with a list of the names and addresses of such beneficial

---

[13] *See also In re AT & T Mobility Wireless Data Servs. Sales Litig.,* 270 F.R.D. 330, 351 (N.D. Ill. 2010) ("The contents of a Rule 23(e) notice are sufficient if they inform the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, and that any class member may appear and be heard at the hearing.").

14

owners promptly after receipt of the Notice. Defendants will then use reasonable efforts to give notice to all such beneficial owners by causing the Notice to be disseminated (1) to any record holder who, prior to the hearing at which the Court will consider the request for final approval of Proposed Settlement and Fee Petition (the "Settlement Hearing"), requests the same for distribution to beneficial owners, or (2) to beneficial owners whose names and addresses are provided by the record holders. The Parties believe that the dissemination of the Notice as outlined above is calculated to provide appropriate and reasonable notice to members of the Proposed Settlement Class under the circumstances.

D.   **Proposed Schedule of Events**

In connection with preliminary approval of the Proposed Settlement, the Parties request the Court to establish (i) dates by which Notice of the Proposed Settlement will be disseminated to Proposed Settlement Class members, (ii) the date by which Proposed Settlement Class members may object to the Proposed Settlement and/or Fee Petition, (iii) the dates by which counsel must file papers in support of the final approval of the Proposed Settlement and Fee Petition, and (iv) the date of the Settlement Hearing. The Parties have agreed upon and request approval of the schedule which is summarized in Exhibit 6 attached hereto.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request, and Defendants do not oppose Plaintiffs' request for, the Court to preliminarily approve the Proposed Settlement, preliminarily certify the Proposed Settlement Class as defined in the Stipulation, direct the issuance of the Notice in substantially the same form and manner as provided by the Stipulation, and schedule a Settlement Hearing to consider final approval of the Proposed Settlement and Plaintiffs' Fee Petition.

Dated: July 2, 2015                    */s/ Mark B. Goldstein*
                                       Patrick V. Dahlstrom
                                       Mark B. Goldstein
                                       POMERANTZ LLP
                                       Tenth South LaSalle Street
                                       Suite 3505
                                       Chicago, Illinois 60603
                                       Phone: (312) 377-1181
                                       Fax: (312) 377-1184

                                       POMERANTZ LLP
                                       Gustavo F. Bruckner
                                       Ofer Ganot
                                       600 Third Avenue, 20th Floor
                                       New York, New York 10016
                                       Phone: (212) 661-1100
                                       Fax: (917) 463-1044

                                       FRIEDMAN OSTER PLLC
                                       Jeremy Friedman
                                       Spencer Oster
                                       240 E. 79th Street, Suite A
                                       New York, New York 10075
                                       Phone: (888) 529-1108

                                       LAW OFFICE OF ALFRED G. YATES, JR., P.C.
                                       Alfred G. Yates. Jr.
                                       519 Allegheny Building
                                       429 Forbes Avenue
                                       Pittsburgh, PA 15219
                                       Phone: (412) 391-5164
                                       Fax: (412) 471-1033

                                       DITOMMASO LUBIN, P.C.
                                       Vincent L. DiTommaso
                                       Peter S. Lubin
                                       17 W220 22nd Street, Suite 410
                                       Oakbrook Terrance, Illinois 60181
                                       Phone: (630) 333-0000
                                       Fax: (630) 333-0333

                                       LEVI & KORSINSKY, LLP
                                       Joseph E. Levi
                                       Julia J. Sun
                                       30 Broad Street, 24th Floor
                                       New York, New York 10004
                                       Phone: (212) 363-7500
                                       Fax: (866) 367-6510

                                       *Counsel for Plaintiffs and the Proposed Settlement Class*