**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **IN RE WALGREEN CO. STOCKHOLDER** | ) | Case No. 14 C 9786 consolidated |
| **LITIGATION** | ) | with Case No. 14 C 10006 |
| | ) | |

## ORDER ON PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT AND CLASS CERTIFICATION

WHEREAS, the Parties, by and through their respective counsel, to the above-captioned putative shareholder class action (the "Action") have agreed to settle the Action; and

WHEREAS, the Parties in the Action have applied, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), for an Order approving the proposed Settlement of the Action and determining certain matters in accordance with the Stipulation of Settlement entered into by and among the Parties, dated July 2, 2015 (the "Stipulation"), and for the dismissal of the Action upon the terms and conditions set forth in the Stipulation;[1]

NOW, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED AND ADJUDGED this 8th day of July, 2015, that:

1.    <u>Conditional Certification of Class</u>.  In accordance with Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Action shall be maintained as a class action on behalf of the following non-opt-out class (the "Settlement Class"):

> all record holders and beneficial holders of any shares of common stock of Walgreen Co. ("Walgreen") and any and all of their successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any Person or entity

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Stipulation.

acting for or on behalf of, or claiming under, any of them, and each of them, at any time between and including August 5, 2014 and December 31, 2014 (the date of the closing of the Reorganization and Step 2 Acquisition) (the "Class Period"), excluding Defendants, members of the immediate families of the Individual Defendants, and any Person, firm, trust, corporation or other entity related to, controlled by, or affiliated with, any Defendant, and the legal representatives, heirs, successors, and assigns of any such excluded persons.

The Court preliminarily finds that, for settlement purposes only, all elements of Rules 23(a) and 23(b)(1) and/or (b)(2) are met and conditional certification of the Action as a class action is appropriate.

2. <u>Conditional Designation of Class Representatives and Class Counsel</u>. The Court preliminarily finds that Plaintiffs James Hays ("Hays") and Richard C. Potocki ("Potocki") and their counsel, Pomerantz LLP (the "Pomerantz Firm"), Friedman Oster PLLC ("Friedman Oster"), and Levi & Korsinsky LLP ("Levi & Korsinsky") fairly and adequately represent the interests of Settlement Class members – *i.e.*, similarly situated Walgreen shareholders – for the sole purpose of seeking settlement of the Action, and conditionally designates Plaintiffs Hays and Potocki as Class Representatives and the Pomerantz Firm, Friedman Oster and Levi & Korsinsky as Class Counsel.

3. <u>Settlement Hearing</u>. A hearing (the "Settlement Hearing") will be held on November 6, 2015 at 9:30 a.m., in Courtroom No. 2325 of the United States District Court for the Northern District of Illinois, in order to: (1) consider whether the Settlement Class should be certified permanently, for purposes of settlement only, and determine whether Plaintiffs Hays and Potocki should be finally appointed as Class Representatives, and their counsel, the Pomerantz Firm, Friedman Oster and Levi & Korsinsky should be finally appointed as Class Counsel; (2) determine whether the Court should finally approve the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class, and whether the Order

and Final Judgment, substantially in the form attached as Exhibit C to the Stipulation, should be entered; (3) determine that the Notice (as defined below) was disseminated in accordance with Paragraph 6 of this Order and that notice was given in full compliance with each of the requirements of Rule 23(e) and due process; (4) rule on the application of Plaintiffs' counsel for an award of attorneys' fees and expenses (the "Fee and Expense Application"); (5) hear and determine any objections to the Settlement and to final certification of the Settlement Class; and (6) consider other matters that the Court deems appropriate. The Court reserves the right to adjourn and reconvene the Settlement Hearing, including with respect to the consideration of Plaintiffs' Fee and Expense Application, without further notice to Settlement Class members other than by oral announcement at the Settlement Hearing or any adjournment thereof.

4.    Preliminary Approval of the Settlement.    The Court preliminarily approves the Stipulation and the Settlement set forth therein as fair, reasonable, adequate, and in the best interests of the Settlement Class, subject to further consideration at the Settlement Hearing.

5.    Approval of Notice.    The Court approves, in form and substance, the notice substantially in the form described in Paragraph 6 of this Order (the "Notice"). The Court finds the dissemination of the Notice in substantially the manner set forth in Paragraph 6 of this Order constitutes the appropriate and reasonable notice to all persons entitled to notice of the Settlement Hearing and the proposed Settlement, and meets the requirements of Rule 23 and due process.

6.    Notice Procedures.    Within twenty (20) business days after entry of this Order, Walgreens Boots Alliance, Inc. ("WBA") shall cause a postcard, substantially in the form attached hereto as Exhibit 1 (the "Summary Notice"), to be mailed by United States mail, first-class, postage pre-paid, to all Settlement Class members can be identified with reasonable effort

– *i.e.*, at their last known addresses appearing in the transfer records maintained by or on behalf of Walgreen or WBA. WBA shall additionally cause a website to be established, which shall include further information regarding the proposed Settlement, including, at a minimum, the long-form notice attached hereto as Exhibit 2, the Stipulation and attached exhibits, and, when available, the Preliminary Approval Order and the Final Judgment. All record holders during the Class Period who were not also the beneficial owners of the Walgreen common stock shall be requested in the Summary Notice to forward the Summary Notice to the beneficial owners of such common stock, or, alternatively, to provide Walgreen with a list of the names and addresses of such beneficial owners promptly after receipt of the Summary Notice. Walgreen and/or its successor(s)-in-interest shall use reasonable efforts to give notice to such beneficial owners by causing the Notice to be disseminated (1) to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners, or (2) to beneficial owners whose names and addresses are provided by the record holders.

7.      Proof of Notice.  At least seven (7) calendar days before the Settlement Hearing, counsel for WBA shall file with the Court proof, by affidavit, of dissemination of the Notice.

8.      Proof of Compliance with Class Action Fairness Act.  At least seven (7) calendar days before the Settlement Hearing, counsel for Defendants shall file with the Court proof, by affidavit, of notice to relevant public officials in accordance with the Class Action Fairness Act (the "CAFA Notice"), 28 U.S.C. § 1715(b).

9.      Final Approval of Settlement and Fee and Expense Application.  At least twenty-one (21) calendar days before the date of the Settlement Hearing, Plaintiffs' counsel shall file with the Court papers in support of final approval of the Settlement and the Fee and Expense Application. All papers in further support of the Settlement and Fee and Expense Application

and/or responding to objections or oppositions, if any, shall be filed with the Court and served on any objecting party at least seven (7) calendar days before the Settlement Hearing. Neither Defendants nor their Related Parties shall have any responsibility to respond to any application for attorneys' fees or expenses by Plaintiffs and/or Counsel for Plaintiffs.

10.     Appearance at Settlement Hearing and Objections to Settlement and/or Plaintiffs' Fee and Expense Application. At the Settlement Hearing, any member of the Settlement Class who desires to do so may appear personally or by counsel, at their own expense, and show cause, if any, why the Settlement Class should not be permanently certified for settlement purposes; why the settlement of the Action in accordance with and as set forth in the Stipulation should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; why the Final Judgment should not be entered in accordance with and as set forth in the Stipulation; or why the Court should not grant an award of reasonable attorneys' fees and expenses to Plaintiffs' counsel for their services and actual expenses incurred in the Action; *provided, however*, that unless the Court in its discretion otherwise directs, no Settlement Class member, or any other person, shall be entitled to contest the approval of the terms and conditions of the Settlement or (if approved) the Final Judgment to be entered thereon, or the allowance of fees and expenses to Plaintiffs' counsel, and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class or any other person (excluding a Party to the Stipulation) shall be received or considered, except by order of the Court for good cause shown, unless, no later than fourteen (14) calendar days prior to the Settlement Hearing, which shall be no earlier than forty-five (45) calendar days after commencement of the dissemination of the Notice and ninety (90) calendar days after the service of the CAFA Notice on all appropriate state and federal officials, such person files with the Court, and serves upon the attorneys listed

below: (a) a written notice of intention to appear; (b) proof of membership in the Settlement Class, by way of brokerage statement, account statement, or other document evidencing ownership of shares of Walgreen stock during the Class Period; (c) a statement of objections to any matter before the Court; and (d) the grounds therefor or the reasons for wanting to appear and be heard, as well as all documents or writings the Court shall be asked to consider. These writings must be served upon the following attorneys by hand delivery, overnight mail, or U.S. first-class mail:

| **Counsel for Defendants:** | **Counsel for Plaintiffs:** |
|---|---|
| James Ducayet<br>Kristen Seeger<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br><br>-and-<br><br>Stephen DiPrima<br>Benjamin Klein<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, NY 10019 | Gustavo F. Bruckner<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016 |

11.    <u>Failure to Appear or Object</u>. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Settlement Class members who do not object need not appear at the Settlement Hearing or take any other action to indicate their approval.

12.    <u>Stay of Proceedings</u>. All proceedings in the Action, other than proceedings as may be incident to carry out the terms and conditions of the Stipulation, the Settlement, or Plaintiffs' Fee and Expense Application, are hereby stayed and suspended until further order of

this Court.  Further, pending final determination whether the Settlement should be approved, Plaintiffs, Plaintiffs' counsel, and all members of the Settlement Class are barred and enjoined from commencing or prosecuting, either directly, representatively, or in any other capacity, any action or proceeding in any court or tribunal asserting any claims that are, or relate in any way to, Released Claims against Released Parties (as defined in the Stipulation).

13.     <u>No Admissions by the Parties</u>.  The provisions contained in the Stipulation shall not be deemed or constitute a presumption, concession, or an admission by any Party in the Action of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any Party in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Stipulation.

14.     Any person falling within the definition of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class.

15.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and counsel for Plaintiffs or Defendants elects to terminate the Settlement as provided for in the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings

by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of the Stipulation.

16.    <u>Retention of Exclusive Jurisdiction by the Court.</u> The Court retains exclusive jurisdiction over the Action to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED** this 14th day of July, 2015.

_____
HONORABLE UNITED STATES DISTRICT JUDGE