UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE WALGREEN CO. STOCKHOLDER LITIGATION

Civil Action No. 1:14-cv-09786

### [PROPOSED] AMENDED ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on _Nov. 20_, 2015 to determine whether the terms and conditions of the Stipulation of Settlement, dated July 2, 2015, 2015 (the "Stipulation"), and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted in the above-captioned shareholder class action ("Action"); and whether the Settlement should be approved by this Court and the Amended Order and Final Judgment should be entered herein; and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED this _20_ day of _Nov_, 2015, AS FOLLOWS,

1. This Amended Order and Final Judgment ("Judgment") incorporates and makes part hereof the Stipulation filed with this Court on July 2, 2015, including the exhibits thereto. Unless otherwise defined in this Judgment, the capitalized terms in the Judgment have the same meaning as they have in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. The dissemination of the Notice pursuant to and in the manner prescribed in the Order on Preliminary Approval of Class Action Settlement and Class Certification entered on July 14, 2015 (the "Preliminary Approval Order"), according to the proof of such dissemination

of the Notice to the Class filed with the Court by counsel for Walgreens Boots Alliance, Inc. ("WBA") on _____, 2015, is hereby determined to be appropriate and reasonable notice under the circumstances, satisfying Fed. R. Civ. P. 23 ("Rule 23"), due process, and applicable law.

4. The Court finds that the Class Action is a proper class action, for settlement purposes only, and hereby certifies the Action as a class action under Rules 23(a) and (b)(1) and/or (b)(2) on behalf of the following non-opt-out class (the "Settlement Class"):

> all record holders and beneficial holders of any shares of common stock of Walgreen Co. ("Walgreen") and any and all of their successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under, any of them, and each of them, at any time between and including August 5, 2014 and December 31, 2014 (the date of the closing of the Reorganization and Step 2 Acquisition) (the "Class Period"), excluding Defendants, members of the immediate families of the Individual Defendants, and any Person, firm, trust, corporation or other entity related to, controlled by, or affiliated with, any Defendant, and the legal representatives, heirs, successors, and assigns of any such excluded persons.

5. Specifically, the Court finds, for the sole purpose of settlement, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable, thus Rule 23(a)(1) is satisfied; (b) there are questions of fact or law common to the Settlement Class, thus Rule 23(a)(2) is satisfied; (c) the claims of James Hays and Richard Potocki, the conditionally certified Class Representatives, are typical of the claims of the Settlement Class, thus Rule 23(a)(3) is satisfied; (d) Plaintiffs and their counsel have and will fairly and adequately protect the interests of the Settlement Class, thus Rule 23(a)(4) is satisfied; and (e) in accordance with Rule 23(b)(1), a class action provides a fair and efficient method for adjudication of the controversy because the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications that would establish incompatible

standards of conduct for Defendants, and/or, as a practical matter, the disposition of the Action will influence the disposition of any pending or future identical cases brought by other members of the Settlement Class; and/or (f) in accordance with Rule 23(b)(2), the Action alleges that Defendant acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6. The Court hereby certifies, for settlement purposes only, Plaintiffs Hays and Potocki as Class Representatives, and their counsel, Pomerantz LLP (the "Pomerantz Firm"), Friedman Oster PLLC ("Friedman Oster"), and Levi & Korsinsky LLP ("Levi & Korsinsky") as Class Counsel.

7. The Court approves the Stipulation and the Settlement set forth therein as fair, reasonable, adequate, and in the best interests of Plaintiffs and the other members of the Settlement Class. The Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety. The Parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all of the claims alleged therein are hereby dismissed on the merits with prejudice as to all Defendants as against Plaintiffs and all members of the Settlement Class, with no costs awarded to any Party except [/s/ MT] as provided herein.

9. Upon entry of the Judgment, Plaintiffs and members of the Settlement Class shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, the Settled Claims (including Unknown Claims) against the Released Persons and shall forever be enjoined from

prosecuting such claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

(a) "Settled Claims" means all known and unknown claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, penalties, sanctions, matters and issues of every nature and description whatsoever, whether legal, equitable, or any other type, whether or not concealed, hidden or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be, asserted by or on behalf of Plaintiffs, the Company (whether by the Company or any shareholder or other Person derivatively on behalf of the Company), or any Settlement Class members in their capacity as shareholders, including class, derivative, individual or other claims, in state or federal court, and, based upon, arising from, or related to the disclosure claims or disclosure allegations in, and the settlement of, the Actions including, but not limited to, disclosure claims or disclosure allegations based upon, arising from, or related to: (i) the contents of the Proxy or the S-4; (ii) solicitation of shareholder support for the Reorganization and Step 2 Acquisition; (iii) the fiduciary obligations, if any, of the Defendants or Released Persons in connection with the solicitation of shareholder support for the Reorganization and Step 2 Acquisition; and (iv) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Actions, other than as provided in this Stipulation; provided, however, that Settled Claims shall not include (a) any claims to enforce the Settlement or to enforce any award of attorneys' fees and reimbursement of expenses pursuant to the Settlement or (b) any of the claims or allegations asserted in the currently pending consolidated action captioned *Washtenaw County Employees' Retirement System v. Walgreen Co., et al.*, Civil Action

No. 1:15-cv-03187-SJC-MMR, including any of the individual actions consolidated thereunder, to the extent such claims are not based on alleged misstatements or omissions contained in the November 23, 2014 Schedule 14A Definitive Proxy Statement or any amendments thereto.

(b) "Unknown Claims" means any claim with respect to the subject matter of the Settled Claims that the Released Persons or Plaintiffs or members of the Settlement Class do not know or suspect exists in his, her, or its favor at the time of the release of the Settled Claims, including without limitation, those which, if known, might have affected the decision to enter into the Settlement or might have affected the decision not to object to the Settlement. With respect to any of the Settled Claims, the Parties stipulate and agree that upon the Effective Date, the Released Persons and Plaintiffs shall expressly and each member of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code section 1542 (or any similar, comparable, or equivalent law or provision), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Released Persons and Plaintiffs acknowledge, and members of the Settlement Class shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but that it is the intention of the Released Persons and Plaintiffs, and by operation of law the members of the Settlement Class, to completely, fully, finally, and forever extinguish and release any and all Settled Claims (including Unknown Claims as defined in this

paragraph), without regard to the subsequent discovery of additional or different facts. The Released Persons and Plaintiffs acknowledge, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Settled Claims was separately bargained for and was a key element of the Settlement and was relied upon by each and all of the Parties in entering into the Stipulation.

(c) "Released Persons" means Defendants and their respective families, predecessors, successors-in-interest, parents, subsidiaries, associates, affiliates and each and all of their respective past, present or future representatives, agents, officers, directors, trustees, executors, heirs, spouses, marital communities, assigns or transferees and any person or entity acting for on behalf of any of them, and each of their respective predecessors, successors-in-interest, parents, subsidiaries, affiliates, representatives, agents, officers, directors, employees, trustees, executors, heirs, spouses, marital communities, assigns or transferees or any person or entity acting for on behalf of any of them and each of them.

10. Upon entry of the Judgment, each of the Released Persons shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, all claims, including Unknown Claims, based upon or arising out of the commencement, prosecution, settlement or resolution of the Action or the Settled Claims against Plaintiffs, Plaintiffs' Counsel, and members of the Settlement Class and shall forever be enjoined from prosecuting such claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

11. Neither the Memorandum of Understanding ("MOU"), the Stipulation, this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of the Defendants or any Released Person; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or any Released Person, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. After consideration of Plaintiffs' application for reasonable fees and reimbursement of expenses, Plaintiffs' Counsel is hereby awarded $ 370,000 in attorneys' fees and expenses, which amounts the Court finds to be fair and reasonable. This amount shall be paid pursuant to the provisions of the Stipulation. Neither counsel representing Plaintiffs in the Action nor Plaintiffs shall make any further or additional application for attorneys' fees and expenses in connection with the Action to the Court or any other court, except as contemplated by the Stipulation.

13. The Class Action Fairness Act ("CAFA") Notice has been given to the relevant public officials; proof of the mailing of the CAFA Notice was filed with the Court; and full opportunity to be heard has been offered to all recipients of the CAFA Notice. The CAFA

Notice is hereby determined to have been given in compliance with each of the requirements of 28 U.S.C. § 1715.

14. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. If the Effective Date does not occur for any reason, unless the Parties otherwise agree in writing as contemplated in the Stipulation, the Settlement and the Stipulation and all orders entered and releases delivered in connection herewith (except for Paragraph 11 hereof and Paragraphs 3.2, 5.2, 6.1, 6.2, 6.3, 6.4, 7.13, and 7.17 of the Stipulation, which shall survive any such termination or vacatur), shall be rendered null and void and of no force and effect and, in such event, the Parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the MOU, as though it were never executed or agreed to, and the MOU and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action, or to constitute an admission of fact by any Party, shall not entitle any Party to recover any costs or expenses incurred in connection with the implementation of the MOU, the Stipulation or the Settlement, and neither the existence of the MOU, the Stipulation nor their respective contents shall be admissible in evidence or be referred to for any purposes in the Action, or in any litigation or judicial proceeding, other than to enforce the terms hereof.

16. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, consummation, and enforcement of the Settlement and this Judgment.

17. The Clerk of the Court is directed to enter and docket this Judgment.

**IT IS SO ORDERED** this _____ day of _____, 2015.

_____
HONORABLE
UNITED STATES DISTRICT JUDGE